OCEAN VIEW LAND COMPANY, complainant-respondent,

*v.*

WILLIAM B. LOUDENSLAGER, defendant-appellant.

[Submitted March 14th, 1911.   Decided June 19th, 1911.]

Where, under a bill to quiet title (*Gen. Stat. p. 3486*), the complainant has established, to the satisfaction of the court of chancery, that he is in peaceable possession of the lands described in his bill of complaint claiming to own the same, and that his title is denied or disputed, and no suit is pending to test the validity of such hostile claim, the burden of establishing such adverse claim is upon the person setting it up, in which case the court of chancery may order that, in a feigned issue framed to test the validity of such claim, the defendant, or party setting it up, sustain the issue as plaintiff.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming.

*Mr. George A. Bourgeois,* for the respondent.

*Messrs. Thompson & Cole,* for the appellant.

The opinion of the court was delivered by

BERGEN, J.

The complainant filed its bill in this cause for the purpose of quieting its title to certain land therein specifically set out, and called upon the defendant to answer and set forth what claim or title to the land he made, and in what manner it was derived or created, and prayed that the court fix and settle the rights of the parties to the land.  The complainant exhibited in its bill a paper title by deeds duly executed and recorded, and charged that it was the owner in fee and in peaceable possession of the property. The defendant, in his answer, claimed title to the lands by virtue of two deeds duly executed and recorded, and denied that the com-

plainant was ever in peaceable possession thereof, and averred that he was in peaceable possession, and then demanded a trial by jury to determine the issues involved.

The first section of the act which is entitled "An act to compel the determination of claims to real estate in certain cases, and to quiet the title to the same," as amended in 1901 (*P. L. 1901 p. 57*), provides for two cases in which a bill for such purpose may be filed, one, where any person is in peaceable possession of land, claiming to own the same and his title thereto is disputed, and no suit is pending to enforce or test the validity of such adverse title, and the other where lands by reason of their extent, or being wild, waste, uninclosed or unimproved shall not be in the actual possession of the owner claiming to own the same in fee under a deed duly recorded, and who shall have paid taxes upon such land for five successive years immediately prior to the commencement of the suit. The first ground of jurisdiction was provided for in 1870 (*P. L. 1870 p. 20; 3 Gen. Stat. p. 3486*), and the second, by the amendment of 1901. The bill of complaint, in the present case, charges that the complainant has a paper title, and that it is in peaceable possession of the land claiming to own the same, so that it falls within the first jurisdictional class as established prior to the amendment of 1901.

At the hearing before the learned vice-chancellor, proof was made of the jurisdictional facts, namely, that the complainant was in peaceable possession claiming to own the lands, and that no suit was pending to enforce or test the validity of the title or claim of ownership made by the defendant as set up and specified in his answer. The defendant offered no testimony on the question of peaceable possession by complainant, but insisted that on that produced by the complainant, no legal inference could be drawn that such required possession existed. The learned vice-chancellor advised that it be ordered, adjudged and decreed that at the time of the filing of its bill the complainant was in peaceable possession of the lands and premises described in the bill of complaint, and also that an issue be framed to try the title to the land, in which issue the defendant should be the plaintiff, and the complainant defendant, from which order and decree the defendant has appealed. We agree with the learned vice-chancellor that

the complainant has shown it was, when the bill of complaint was filed, in peaceable possession of the land, claiming to own the same by virtue of duly executed conveyances.

The next question to be considered is whether that part of the order which adjudges that the defendant be the plaintiff in the issue framed to try the title to the land, is erroneous. The statute, after requiring the defendant, if he shall answer, to specify and set forth the estate, interest or encumbrance he may claim, provides for an issue at law, upon the application of either party, "to try the validity of such claim," meaning, manifestly, the validity of the claim specified by the defendant in his answer.

As this question, so far as we can discover, has never been squarely presented to, or passed upon by this court, a brief consideration of the cases indicating the practice of the court of chancery relating to it may be of assistance. The statute under consideration was passed in 1870, and at the October term of the court of chancery, 1876, Chancellor Runyon, in dealing with this statute, said, in *Powell* v. *Mayo, 27 N. J. Eq. (12 C. E. Gr.) 440:* "The defendants here were, properly, plaintiffs in the issue. It is incumbent on them to establish their title on the trial of the issue, as in an action of ejectment." This case seems to have stood unchallenged for over thirty-four years as indicating the practice of that court. The rule established in that case was followed by Vice-Chancellor Pitney in *Beale* v. *Blake, 45 N. J. Eq. (18 Stew.) 668,* where the point under consideration was whether the question of complainant's peaceable possession should not be tried in the law court, with the issue framed to determine the validity of the defendant's title. This was refused, and the question of possession by the complainant was heard and disposed of before the issue at law was framed on the main question, viz., the validity of defendant's claim. On this point the learned vice-chancellor said: "The issue is quite distinct from the main issue of title or no title in the defendant. On it the complainant has the affirmative and occupies the position of plaintiff, while on the issue of title or no title in the defendant, the position of the parties is reversed, and the defendant holds the affirmative and the position of plaintiff."

In *McCullough* v. *Absecon Beach and Land Improvement Co., 48 N. J. Eq. (3 Dick.) 170,* the same vice-chancellor held, where the question of title was determined by him, no application for a trial at law being made, that "the complainant being in possession, the burthen is cast upon the defendant of showing its title, and that it is superior to the complainant's. It becomes the actor."

In *Brady* v. *Carteret Realty Co., 66 N. J. Eq. (21 Dick.) 243,* Brady filed his bill against the realty company under the statute to quiet his title against the adverse claims of the defendant, and while the order made when the issue was framed to test the title at law does not appear, it was said by Chancellor Magie (*S. C., 68 N. J. Eq. (2 Robb.) 55*), in considering the awarding of a new trial, "the realty company was the plaintiff and Brady was the defendant in the issue," and Mr. Justice Reed, in an opinion in this court, in the same case (*70 N. J. Eq. (4 Robb.) 748*), said that the chancellor made an order "between the Carteret Realty Company as plaintiff and Brady as defendant."

Our attention has been called by the appellant to the case of *Oberon Land Co.* v. *Dunn,* reported in *60 N. J. Eq. (15 Dick.) 280,* in which Vice-Chancellor Grey said that at the trial of the feigned issue, "a verdict was found in favor of Mary Dunn and others, defendants, as appears by the *postea*," from which it is argued that in that case the defendants in equity were also defendants at law. The question of parties was not material to the matter under consideration, and the learned vice-chancellor may have referred to them as they appeared in the equity suit he was determining, but if it be otherwise, it does not appear that any order was made fixing the status of the parties in the issue at law. Yet if it be granted that in that case the order was that the complainant be plaintiff, it was antagonistic to the general rule observed in the court of equity for many years, which has been to put upon the complainant the burden of establishing, to the satisfaction of the court of chancery, the peaceable possession and claim of ownership which the law requires before he can call upon the defendant to show the validity of his claim, and when so established, the burden falls upon the defendant to make out his adverse claim. The purpose of the act is to relieve, not persons

who have the power to test the hostile claim by a direct proceeding in the usual mode, but to aid persons whose situation afford them no such opportunity. *Jersey City* v. *Lembeck, 31 N. J. Eq.* (*4 Stew.*) *255, 272.* It lends its aid to one in peaceable possession under claim of ownership to compel an adverse claimant to establish his claim; he may do so in equity or at law, but in either case he is asserting a hostile claim against one in peaceable possession, which he must proceed to establish or abandon.

In our opinion where the complainant has established, to the satisfaction of the court of chancery, that he is in peaceable possession of the land described in a bill to quiet title, claiming to own the same, and that his title thereto is denied or disputed, and that no suit is pending to test the validity of such hostile claim, the burden of establishing the validity of such claim is upon the person setting it up, and that in such case the court of chancery may lawfully order that, in a feigned issue at law, framed to test the legality of the claim adverse to complainant, the defendant assume the burden and sustain the issue as plaintiff. It is not intended now to express any opinion regarding the situation that may arise under the addition to the original act made by the amendment of 1901, above referred to, regarding lands not in actual, but perhaps constructive possession under deeds recorded, and where taxes have been paid for five successive years. This question was passed upon by Vice-Chancellor Leaming in *McGrath* v. *Norcross, 73 N. J. Eq.* (*3 Buch.*) *274,* but its consideration is not required in disposing of this cause.

The order and decree under review is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, CONGDON, SULLIVAN—12.

*For reversal*—None.